IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **RHONDA BRAY,** : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : **Case No. TDC 23-3142** <br> **RHYTHM MANAGEMENT** : <br> **GROUP, LLC *et al.*,** : <br> : <br> Defendants. : <br> : | |

## ORDER RELATED TO ECF NOS. 57 AND 60

On January 28, 2025, the Court held a telephonic discovery dispute hearing related to ECF Nos. 57 and 60, namely the Notice of Intent to File a Motion to Quash filed by Rhythm Management Group, LLC, Rhythm Management Group, PLLC, Rhythm Management Group Corp., and Aldrich Capital Partners ("Defendants"). During the hearing, the Court entertained argument from the parties where necessary, and issued its oral rulings.[1] (ECF No. 62).

For the reasons articulated on the record during the hearing, the Defendants' request to quash the Plaintiff's subpoena is **DENIED.** Accordingly, it is this 28th day of January 2025 hereby **ORDERED** that:

1. As to the investigation of Mr. Anthony Moultry conducted by Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins"):

    a. By no later than **January 29, 2025**, Plaintiff shall serve Ogletree Deakins with the subpoena, consistent with Fed. R. Civ. P. 45(b) and the Local Rules (D. Md. 2023); and

---

[1] During the hearing the Court was provided a copy of the "Executive Summary of Investigation and Conclusions" identified in ECF No. 60 that is dated April 12, 2023 and authored by Mr. Sylvertooth.

    b. By no later than **February 19, 2025**, Ogletree Deakins shall produce interview notes, documents, and reports (and drafts) relating to the investigation of Mr. Moultry covering the period of July 2022 to September 2023.

2. As to Plaintiff's document request for information about any other sexual harassment investigations conducted by Ogletree Deakins related to the Defendants' conduct during the period of in or about July 2022 to May 2023:

    a. By no later than **February 12, 2025**, Defendants shall advise Plaintiff as to whether Ogletree Deakins did, in fact, conduct any such investigations; and

    b. Assuming that Ogletree Deakins did conduct said investigations, then by no later than **February 19, 2025**, the parties shall meet and confer to discuss the production of all documents, notes, and reports (and drafts) related to those additional investigations. The undersigned expects that the parties shall meet and confer in good faith, taking into account the Court's rulings today. The Court has already held that this document request is relevant under Fed. R. Civ. P. 26(b)(1), and is not overbroad as narrowed above in paragraph 2. Moreover, such information shall be produced because the attorney-client privilege and work product material protections have been waived by Defendants' assertion of a *Faragher/Ellerth* defense.

3. By no later than **February 21, 2025**, the parties are to submit a Joint Status Report ("JSR"). That JSR shall apprise the Court of whether any issues remain related to ECF Nos. 57 and 60 that require resolution.

                                                      /s/
                                        The Honorable Gina L. Simms
                                        United States Magistrate Judge