**Ari S. Casper**
Managing Partner
acasper@casperfirm.com
www.casperfirm.com

400 E. Pratt Street, Suite 903
Baltimore, MD 21202
410.989.5097

1310 L Street, NW, Suite 800
Washington, DC 20005
202.759.9515



February 21, 2025

Hon. Gina L. Simms
United States Magistrate Judge
U.S. District Court, District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770

      Re:    **Bray v. Rhythm Management Group, LLC, et al.**
               **Case No. 8:23-cv-03142-TDC**

Dear Judge Simms:

      We submit this letter pursuant to the Court's January 28, 2025, Order (ECF Nos. 57, 60), directing the parties to provide a Joint Status Report regarding any outstanding issues related to defendants' motion to quash and plaintiff's response.

      On February 5, 2025, D'Ontae Silvertooth, the attorney investigator from Ogletree, advised Defense Counsel: (1) the Anthony Moultry sexual harassment investigation was the only sexual harassment investigation related to Defendants' conduct that Ogletree performed, and (2) no drafts of Mr. Silvertooth's report exist.

      On February 11, 2025, Counsel for Defendants notified Counsel for Plaintiff that Ogletree did not conduct any other sexual harassment investigations related to Defendants' conduct during the period in or about July 2022 to May 2023.

      The Court ordered the production of documents related to the investigative report by Ogletree Deakins ("Ogletree"). Defendants forwarded the documents that Ogletree produced to them in response to Plaintiff's subpoena. Plaintiff has identified areas of non-compliance by Ogletree. The production includes scheduling emails, interview notes, and a copy of the report. The production does not include drafts of the report or correspondence concerning the report's findings and recommendations, as required by the Court's order. ECF 63 at 2 ("Ogletree Deakins shall produce interview notes, documents, and reports (and drafts) relating to the investigation of Mr. Moultry covering the period of July 2022 to September 2023"); Hearing Tr. at 47:4-20 ("So, again, as long as it relates to advice, and it's about remedial efforts or recommendations or steps it should take, that the defendant should take, put another way, it's really about if the defendant is going to keep saying, we took reasonable steps to prevent and correct workplace discrimination, and the plaintiff unreasonably failed to use those preventive and corrective measures the defendant had provided, as long as, you know, the defendant is, in fact, asserting that it has done these full-blown efforts, if you will, these reasonable steps to prevent and correct it, I think all of the case

law, particularly that cited in Angelone, supports that the plaintiff is certainly allowed to kick the tires on the adequacy of the entire prelitigation investigation into all of the claims that relate to a hostile work environment, discrimination, and everything else. Because I do think that the reasonableness of that investigation is squarely at issue here. And so that's my ruling.").

    Plaintiff intends to pursue additional discovery on this topic. Counsel will work together to resolve these issues and seek the Court's intervention if they are unable to do so.

Very truly yours,

Ari S. Casper